UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PATRICIA ISABELLA                                    **COMPLAINT**

                       Plaintiff,     Civil Case No:   6:15-CV-0684 (DNH/TWD)

   v.

TYLER TECHNOLOGIES, INC.,

                Defendant.

_____

     PATRICIA ISABELLA, by and through her attorneys, D'Orazio Peterson LLP, as and for her complaint against Defendant Tyler Technologies, Inc. hereby alleges as follows:

### NATURE OF ACTION

     1.    This is a complaint against Plaintiff's former employer Defendant Tyler Technologies, Inc. for wage discrimination on the basis of sex, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq.; wage discrimination and retaliation in violation of the Fair Labor Standards Act ("FLSA") and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), § 215(a)(3); discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; discrimination on the basis of wage, sex and age in violation of the New York State Human Rights Law (Executive Law § 290 et. seq.) ("NYHRL"); wage discrimination in violation of the New York Equal Pay Act (Labor Law § 194); and retaliation in violation of New York Labor Law § 215.

### JURISDICTION

     2.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5, 29 U.S.C. § 216, 29 U.S.C. § 626 and 28 U.S.C. §§ 1331 and 1367.

## PARTIES

3. Patricia Isabella ("Plaintiff") is a resident of Johnstown, Fulton County, State of New York.

4. Upon information and belief, Defendant Tyler Technologies, Inc. ("Defendant") is a foreign business corporation organized and existing under the laws of the State of Delaware with principal executive offices at 5101 Tennyson Parkway, Plano, TX 75024.

5. Upon information and belief, Defendant is authorized to do and transacts business in the State of New York and maintains offices at 4 British American Blvd., Latham, New York 12110.

6. Upon information and belief, Defendant employs greater than fifty (50) employees in Latham, New York.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Albany County, New York which is located within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a timely charge with the EEOC on or about April 20, 2015, alleging violations of Title VII, the EPA and the ADEA. Plaintiff received a notice of right to sue on June 3, 2015.

## NOTICE OF CLAIM

9. Pursuant to NY Labor Law § 215(2)(b), on May 28, 2015, Plaintiff served a notice of claim on the Office of the New York State Attorney General notifying the Attorney General of her intended Labor Law § 215 claim against Defendant.

**FACTS**

10. Plaintiff, a fifty-year old female, was employed by Defendant at its Latham, New York location as an Account Executive from approximately June 5, 2013 through her termination effective February 16, 2015.

11. Plaintiff, at all times relevant, was qualified and able to perform the functions of her position, excelled in her job duties and would have had a positive performance history were it not for illegal discrimination and retaliation.

12. At all times relevant, Plaintiff was the only female outside account executive/sales representative in her division, known as the Versatrans division. The Versatrans division is responsible for selling transportation technical and software products to school districts.

13. The Versatrans division is based in Latham, New York. Plaintiff was the Northeast sales person for this division. The Versatrans division employed four other outside sales representatives, all men. These individuals worked in other parts of the country but reported to the Versatrans division in Latham and came into the Latham office periodically throughout the year.

14. Upon information and belief, all decisions and management with respect to the Versatrans division, including with respect to employment, hiring and salaries, took place in Latham, New York.

15. Plaintiff and the other outside sales representatives for the Versatrans division were employed in the same establishment for purposes of the EPA.

16. At the time of her hire, Plaintiff earned a base salary of $50,000 plus commissions.

17. At all times relevant, Plaintiff's supervisor and manager was a younger male by the name of Michael Anderson.

18. In or about April 2014, Plaintiff was told that she was earning a lower base salary than her male counterparts in the same positions and performing substantially equal work.

19. Plaintiff's male counterparts included Tom Addell, Jason Detke and an individual by the name of Mike. Upon information and belief, these men were earning a higher base salary than Plaintiff. For example, upon information and belief, Tom Addell was earning a $58,000 base salary as compared to Plaintiff's $50,000.

20. Plaintiff and the other male outside sales representatives were equally responsible for increasing the Versatrans customer base and increasing sales to new and existing customers.

21. Plaintiff and the other male outside sale representatives shared the following day to day job responsibilities: identifying and generating leads; scheduling Account Executive presentations through cold calling and relationship building; following-up on leads generated by Account Executives; recording and reporting daily activities; meeting monthly sales goals; attending tradeshows and conferences; working with others to manage the sales process; and handling in-bound inquiries on all Versatrans products and services.

22. These positions required substantially equal skills including: sales and business development; sales experience; and interpersonal and customer service skills.

23. Plaintiff and her male counterparts performed this substantially equal work under similar working conditions which included time in the office, traveling by car, occasional travel by flight and work hours commensurate with work load.

24. In or about April 2014, Plaintiff was due to re-sign her employment agreement. Plaintiff refused to sign the agreement, however, when she learned that she was earning a lower base salary than her male counterparts.

25. At or about this time, Michael Anderson asked Plaintiff why she had not signed her agreement and she informed him that she learned that others were making more money than her and that she should earn the same amount as others in her position.

26. Mr. Anderson responded to Plaintiff's complaint to the effect of "you should be lucky you have a job."

27. Mr. Anderson then told Plaintiff that she would not have a job if she did not sign the agreement. Under threat of losing her job, Plaintiff signed the agreement.

28. Following this conversation, Plaintiff informed the Human Resources director why she had delayed in signing her agreement. She was told that Michael Anderson was the only person she could speak to about it.

29. Immediately following her complaints, Michael Anderson began subjecting Plaintiff to workplace harassment by targeting her for disciplinary action for incidents that were either not true or inaccurate or were minor nitpicking items that others were not disciplined for. This included a written performance warning dated August 5, 2014 which included minor issues and inaccurate characterizations of incidents. As an example of the type of nitpicking Plaintiff was subjected to, she was written up for using the greeting "morning" as opposed to "good morning" in an internal email when it was commonplace for employees to use an informal tone in internal emails.

30. Defendant had no legitimate issue with Plaintiff's performance because Plaintiff was the number two sales person in outside sales and was excelling at her job duties.

31. Instead, it is apparent that, after Plaintiff's complaints about unfair treatment in connection with her pay, Defendant set about laying the groundwork for terminating Plaintiff's employment in retaliation for making these complaints.

32. In a meeting in or about September 2014, Plaintiff again complained to Michael Anderson that she was earning less money than the other male outside sales representatives and referenced her complaint of April 2014. Plaintiff also complained that the nitpicking of her performance was affecting her ability to do her job.

33. Soon thereafter, Plaintiff had another meeting with Mr. Anderson at which a Human Resources representative from Maine was present. The Human Resources representative acknowledged Plaintiff's complaint about earning less money than male employees but, instead of addressing the issue, chastised Plaintiff for talking about her salary with others.

34. Soon after these complaints, Michael Anderson issued another written performance warning dated October 24, 2014 in which he, among other things, accused Plaintiff of being "aggressive".

35. Plaintiff also was accused of being aggressive by her younger, male co-worker Mike Grandy. Upon information and belief, male employees are not accused of being "aggressive" for doing their jobs – a known insult against women in the workplace.

36. In addition to the foregoing, throughout Plaintiff's employment, Mr. Anderson treated Plaintiff differently than male employees and exhibited preferential treatment to male employees.

37. In group sales meetings, Mr. Anderson allowed male employees to speak as long as they wanted, but told Plaintiff that she had a two-minute limit on her contributions.

38. Mr. Anderson also, upon information and belief, was required to travel with outside sales representatives throughout their territories. Although Mr. Anderson did travel with male sales representatives, he never travelled with Plaintiff throughout her territory. In contrast for example, he was frequently in Florida with the male outside sales representative assigned to that territory.

39. Plaintiff also received a disproportionate number of assignments and appointments to sell a lower level product which resulted in her earning lower commissions. These assignments came from Mr. Anderson and were set up by a younger, male employee Chris Gabriel.

40. Mr. Gabriel, throughout Plaintiff's employment, exhibited an animus towards her and a distain for working for an older woman. Mr. Gabriel – who took the place of a female assistant – would not allow Plaintiff to call him her assistant despite the fact that the woman who he replaced was always referred to as an assistant. Mr. Anderson instructed Plaintiff not to call Mr. Gabriel her assistant because he was part of a "younger" generation.

41. When Plaintiff's father was dying, Plaintiff asked to work from Kentucky where she was caring for him. Mr. Anderson did not allow her to work remotely and required her to take vacation time which she was concerned about depleting in the event that her father passed. When a male employee's mother passed away, on the other hand, Mr. Anderson sent out a company-wide condolence e-mail and, upon information and belief, allowed the employee to fly back from Texas on company funds.

42. After Plaintiff's termination, upon information and belief, the entire outside sales division is now comprised of men.

43. On or about November 20, 2014, Plaintiff went out of work on leave (under the Family and Medical Leave Act ["FMLA"]) for a hysterectomy. Soon after Plaintiff returned, she was called into a meeting with Michael Anderson and a Human Resources representative.

44. At this meeting, Plaintiff was terminated effective February 16, 2015.

45. At the meeting, the HR representative told Plaintiff that she was excelling at her job duties. Plaintiff was told she was being terminated, however, because she was again accused of being too aggressive.

46. Upon information and belief, Plaintiff was replaced by Chris Gabriel who had previously been her assistant. Mr. Gabriel is, upon information and belief, in his late 20s or early 30s.

47. When Mr. Gabriel replaced Plaintiff, he was less qualified and had significantly less relevant experience as compared to her. Prior to his promotion to Plaintiff's position, Mr. Gabriel's job was to make appointments for her.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII – Sex and Wage)

48. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

49. Plaintiff was the only woman employed in the Versatrans division as an outside sales representative.

50. Defendant paid Plaintiff a lower base salary than her male counterparts in the same positions who performed substantially the same work.

51. Upon information and belief, despite speaking to Michael Anderson and Human Resources twice about her salary, nothing was done to investigate or remedy Plaintiff's complaints and Plaintiff was chastised for speaking about her salary.

52. Defendant exhibited preferential treatment to male employees, and treated male employees more favorably, including by limiting Plaintiff's time to speak in meetings and by giving Plaintiff less desirable and lucrative assignments.

53. Defendant treated Plaintiff differently than male employees when it terminated Plaintiff's employment for allegedly being too aggressive despite the fact that Plaintiff was excelling in her job duties.

54. Defendant's conduct constitutes sex and wage discrimination in violation of Title VII.

55. Defendant willfully violated Title VII when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

56. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, lost increased base salary, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Retaliation in Violation of Title VII)**

57. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

58. Plaintiff engaged in protected activity when she complained that she was earning less money and being treated differently than her male counterparts.

59. Soon after Plaintiff complained that she was earning less money and being treated differently than her male counterparts, she was subjected to harassment, derogatory comments and dubious disciplinary charges.

60. Plaintiff was chastised by Human Resources for complaining about her salary.

61. Upon information and belief, despite speaking to Michael Anderson and Human Resources twice about her salary, nothing was done to investigate or remedy Plaintiff's complaints.

62. Soon after Plaintiff complained, she was terminated from her employment for no legitimate reason.

63. Defendant's conduct constitutes retaliation in violation of Title VII.

64. Defendant willfully violated Title VII when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

65. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, lost increased base salary, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of the Equal Pay Act)

66. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

67. Plaintiff and male outside sales representatives in the Versatrans division performed equal work under the same working conditions.

68. Defendant paid male outside sales representatives in the Versatrans division a higher base salary than female employees, of which Plaintiff was the only one, in this division.

69. There is no reason for the disparity in salary other than gender.

70. Defendant's actions, therefore, violated the EPA.

71. Defendant willfully violated the EPA when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

72. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost increased base salary, compensatory damages, reasonable costs and attorneys' fees, and liquidated damages available under the FLSA.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the Fair Labor Standards Act)

73. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

74. Plaintiff engaged in protected activity under the FLSA when she complained to Defendant that she was earning less money than comparable male employees in her division, conduct which constitutes a violation of the FLSA as amended by the EPA.

75. Soon after Plaintiff complained that she was earning less money and being treated differently than her male counterparts, she was subjected to harassment, derogatory comments and dubious disciplinary charges.

76. Plaintiff was chastised by Human Resources for complaining about her salary.

77. Upon information and belief, despite speaking to Michael Anderson and Human Resources twice about her salary, nothing was done to investigate or remedy Plaintiff's complaints.

78. Soon after Plaintiff complained, she was terminated from her employment for no legitimate reason.

79. Defendant's conduct constitutes retaliation in violation of the FLSA.

80. Defendant willfully violated the FLSA when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

81. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, lost increased base salary, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees, punitive and liquidated damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the ADEA)

82. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

83. At all times relevant, Plaintiff, who was fifty years of age, was qualified for and excelled at her position.

84. Plaintiff was replaced by Chris Gabriel, a less qualified, younger male employee with less relevant experience as compared to her.

85. Plaintiff was replaced by her former assistant whose prior work experience with Defendant was making appointments for Plaintiff.

86. Defendant terminated Plaintiff's employment, and replaced her with a younger less qualified male employee, for no legitimate reason.

87. Defendant's conduct constitutes discrimination in violation of the ADEA.

88. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, reasonable costs and attorneys' fees, and liquidated damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Discrimination on the Basis of Sex and Wage in Violation of the NYHRL)

89. Plaintiff repeats realleges each of the preceding paragraphs as if more fully set forth herein.

90. Defendant paid Plaintiff a lower base salary than her male counterparts in the same positions who performed substantially the same work.

91. Upon information and belief, despite speaking to Michael Anderson and Human Resources twice about her salary, nothing was done to investigate or remedy Plaintiff's complaints and Plaintiff was chastised for speaking about her salary.

92. Defendant exhibited preferential treatment to male employees, and treated male employees more favorably, including by limiting Plaintiff's time to speak in meetings and by giving Plaintiff less desirable and lucrative assignments.

93. Defendant treated Plaintiff differently than male employees when it terminated Plaintiff's employment for allegedly being too aggressive despite the fact that Plaintiff was excelling in her job duties.

94. Defendant's conduct constitutes sex and wage discrimination in violation of the NYHRL.

95. Defendant willfully violated the NYHRL when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

96. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, lost increased base salary and compensatory damages including emotional distress and humiliation, together with any attorneys' fees or liquidated damages permitted by law.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(**Retaliation in Violation of the NYHRL**)

97. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

98. Plaintiff engaged in protected activity when she complained that she was earning less money and being treated differently than her male counterparts.

99. Soon after Plaintiff complained that she was earning less money and being treated differently than her male counterparts, she was subjected to harassment, derogatory comments and dubious disciplinary charges.

100. Plaintiff was chastised by Human Resources for complaining about her salary.

101. Upon information and belief, despite speaking to Michael Anderson and Human Resources twice about her salary, nothing was done to investigate or remedy Plaintiff's complaints.

102. Soon after Plaintiff complained, she was terminated from her employment for no legitimate reason.

103. Defendant's conduct constitutes retaliation in violation of the NYHRL.

104. Defendant willfully violated the NYHRL when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

105. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, lost increased base salary, compensatory damages including emotional distress and humiliation, and any attorneys' fees or liquidated damages permitted by law.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of NY Labor Law § 194)

106. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

107. Defendant paid male outside sales representatives in the Versatrans division a higher base salary than female employees, of which Plaintiff was the only one, in this division.

108. There is no reason for the disparity in salary other than gender.

109. Defendant's actions, therefore, violated the Section 194 of the New York Labor Law.

110. Defendant willfully violated the NY Labor Law when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

111. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost increased base salary, compensatory damages including emotional distress and humiliation and any reasonable costs and attorneys' fees and liquidated damages permitted by law.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Retaliation in Violation of NY Labor Law § 215)

112. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

113. Plaintiff engaged in protected activity under the NY Labor Law when she complained to Defendant that she was earning less money than comparable male employees in her division, conduct which constitutes a violation of Labor Law § 194.

114. Soon after Plaintiff complained that she was earning less money and being treated differently than her male counterparts, she was subjected to harassment, derogatory comments and dubious disciplinary charges.

115. Plaintiff was chastised by Human Resources for complaining about her salary.

116. Upon information and belief, despite speaking to Michael Anderson and Human Resources twice about her salary, nothing was done to investigate or remedy Plaintiff's complaints.

117. Soon after Plaintiff complained, she was terminated from her employment for no legitimate reason.

118. Defendant's conduct constitutes retaliation in violation of NY Labor Law § 215.

119. Defendant willfully violated the NY Labor Law when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

120. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits, lost increased base salary, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Age Discrimination in Violation of the NYHRL)

121. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

122. At all times relevant, Plaintiff, who was fifty years of age, was qualified for and excelled at her position.

123. Plaintiff was replaced by Chris Gabriel, a less qualified, younger male employee with less relevant experience as compared to her.

124. Plaintiff was replaced by her former assistant whose prior work experience with Defendant was making appointments for Plaintiff.

125. Defendant terminated Plaintiff's employment, and replaced her with a younger less qualified male employee, for no legitimate reason.

126. Defendant's conduct constitutes age discrimination in violation of the NYHRL.

127. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost commissions, lost benefits and compensatory damages including for emotional distress and humiliation.

### JURY DEMAND

128. Plaintiff hereby requests a trial by jury.

**WHEREFORE,** Plaintiff Patricia Isabella hereby demands judgment against Defendant Tyler Technologies, Inc. as follows:

A. Declaring that Defendant's actions are in violation of the Title VII, the EPA, the FLSA, the ADEA, the NYHRL and the NY Labor Law and enjoining Defendant from future violations thereof;

B. On the First Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

C. On the Second Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

D. On the Third Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

E. On the Fourth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

F. On the Fifth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

G. On the Sixth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

H. On the Seventh Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

I. On the Eighth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

J. On the Ninth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

K. On the Tenth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

L. Awarding Plaintiff compensatory damages as available by statute;

M. Awarding Plaintiff punitive damages as available by statute;

N. Awarding Plaintiff liquidated damages as available by statute;

O. Awarding Plaintiff her costs and fees incurred in protecting her legal rights, including her reasonable attorneys' fees and expenses; and

P. Awarding equitable relief including expunging Plaintiff's disciplinary records;

Q. Together with such other and further relief as the Court deems appropriate under the circumstances and which is available pursuant to the relevant statutes.

Dated: June 4, 2015
Saratoga Springs, New York

D'ORAZIO PETERSON LLP


BY:   */s/ Giovanna A. D'Orazio*
GIOVANNA A. D'ORAZIO
(Bar Roll # 515574)
Attorneys for Plaintiff
125 High Rock Avenue
Saratoga Springs, New York 12866
Tel. 518-308-8339
gad@doraziopeterson.com