Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York  10178
(212) 309-6000
Attorneys for Defendant Tyler Technologies, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

PATRICIA ISABELLA,                                      :
                                                                      :
                          Plaintiff,                              :
                                                                      :
          v.                                                        :          6:15-CV-0684 (DNH)(TWD)
                                                                      :
TYLER TECHNOLOGIES, INC.                         :
                                                                      :
                          Defendants.                        :
-------------------------------------------------------------x

### ANSWER AND DEFENSES TO COMPLAINT

Defendant Tyler Technologies, Inc. ("Tyler") hereby answers the Complaint of Plaintiff Patricia Isabella ("Plaintiff") as follows.  Any allegations not specifically admitted are hereby denied.

### NATURE OF ACTION

1.      Tyler admits that Plaintiff seeks relief under the statutes cited in paragraph 1 of Plaintiff's Complaint but denies that Plaintiff is entitled to relief under those statutes or that Tyler violated any of those statutes in connection with Plaintiff's employment or otherwise.

### JURISDICTION

2.      Tyler admits that this Court has jurisdiction over this matter.

### PARTIES

3.      Upon information and belief, Tyler admits the allegations in paragraph 3 of Plaintiff's Complaint.

1

4.      Tyler admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Tyler denies the allegations in paragraph 5 of Plaintiff's Complaint because Plaintiff has identified an incorrect address for Tyler's Latham, New York office.

6.      Tyler admits the allegations in paragraph 6 of Plaintiff's Complaint.

## VENUE

7.      Tyler admits that venue is proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Tyler is without information sufficient to admit or deny the allegations in paragraph 8 of Plaintiff's Complaint.  To the extent a response is required, Tyler denies the allegations.

## NOTICE OF CLAIM

9.      Tyler is without information sufficient to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint.  To the extent a response is required, Tyler denies the allegations.

## FACTS

10.     Tyler admits the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Tyler admits that Plaintiff had the minimum job requirements necessary to perform her position but denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

12.     Tyler admits that Plaintiff was the only female outside account executive in Tyler's Versatrans division during Plaintiff's employment and that the Versatrans division generally sells software products related to transportation in school districts.

13.     Tyler admits the allegations in paragraph 13 of Plaintiff's Complaint.

2

14.     Tyler denies the allegations in paragraph 14 of Plaintiff's Complaint.

15.     Tyler denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Tyler admits the allegations in paragraph 16 of Plaintiff's Complaint.

17.     Tyler admits the allegations in paragraph 17 of Plaintiff's Complaint.

18.     Tyler can neither admit nor deny the allegations in paragraph 18 of Plaintiff's Complaint because Plaintiff does not identify who allegedly made the statements mentioned therein.  To the extent a response is required, Tyler denies the allegations.

19.     Tyler admits that Plaintiff's sales representative counterparts had a higher base salary than she during her employment but denies that any such difference in pay was based on Plaintiff's gender or otherwise violated the Equal Pay Act or other law.

20.     Tyler denies the allegations in paragraph 20 of Plaintiff's Complaint.

21.     Tyler admits that the job duties outlined in paragraph 21 of Plaintiff's Complaint were part of the responsibilities of outside sales representatives but denies that such list is complete or exhaustive.

22.     Tyler admits the allegations in paragraph 22 of Plaintiff's Complaint.

23.     Tyler admits the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Tyler denies that Plaintiff was asked to re-sign an "employment agreement" and is without information sufficient to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint regarding Plaintiff's motivation in refusing to sign compensation-related documents presented to her in or around April of 2014.

25.     Tyler can neither admit nor deny the allegations in paragraph 25 of Plaintiff's Complaint as Tyler cannot recall the substance and content of any such conversation as alleged in paragraph 25 of Plaintiff's Complaint.  To the extent a response is required, Tyler denies the

3

allegations.

26.     Tyler denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Tyler denies the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Tyler admits that Plaintiff had discussions with human resources representatives of Tyler regarding her compensation but denies the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29.     Tyler admits that Plaintiff received written counseling regarding her performance in or around August 5, 2014, and that such counseling discussed Plaintiff's informal tone in certain email communications, but Tyler denies the remaining allegations in paragraph 29 of Plaintiff's Complaint.

30.     Tyler denies the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Tyler denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.     Tyler admits that, around September of 2014, Plaintiff complained to Michael Anderson regarding her compensation and the counseling of her job performance but denies the remaining allegations in paragraph 32 of Plaintiff's Complaint.

33.     Tyler admits that Plaintiff had discussions with its human resources representatives regarding her compensation but denies the remaining allegations in paragraph 33 of Plaintiff's Complaint.

34.     Tyler admits that Plaintiff was given additional written counsel in October of 2014 regarding her communications with customers.

35.     Tyler admits that Mike Grandy cautioned Plaintiff not to put pressure on customers during a particular demonstration meeting and that he may have expressed that she was being too "aggressive" with the customer.   Tyler denies the remaining allegations in

4

paragraph 35 of Plaintiff's Complaint.

36.     Tyler denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Tyler denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Tyler denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Tyler denies the allegations in paragraph 39 of Plaintiff's Complaint.

40.     Tyler admits that Chris Gabriel asks Plaintiff not to call him her "assistant" and that the two had discussions regarding other titles which Plaintiff could use to refer to him.  Tyler denies the remaining allegations in paragraph 40 of Plaintiff's Complaint.

41.     Tyler admits that Plaintiff requested to work from Kentucky during a time in which she indicated she needed to care for her father and that Michael Anderson sent out a companywide email regarding the passing of a male employee's mother.  Tyler denies the remaining allegations in paragraph 41 of Plaintiff's Complaint.

42.     Tyler admits the allegation in paragraph 42 of Plaintiff's Complaint.

43.     Tyler admits that Plaintiff took a leave of absence beginning on or about November 20, 2014 and that she met with Michael Anderson and representatives of Tyler's human resources department when she returned to work.

44.     Tyler admits that Plaintiff was terminated on or about February 16, 2015.

45.     Tyler admits that one of the bases for Plaintiff's termination was her confrontational conduct with clients and coworkers but denies the remaining allegations in paragraph 45 of Plaintiff's Complaint.

46.     Tyler admits the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Tyler denies the allegations in paragraph 47 of Plaintiff's Complaint.

5

## FIRST CAUSE OF ACTION

48.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 48 of Plaintiff's Complaint.  Tyler likewise reasserts and realleges its denials and other responses.

49.     Tyler admits that Plaintiff was the only female account executive employed in Tyler's Versatrans division during Plaintiff's employment.

50.     Tyler admits that Plaintiff received a lower base salary than male sales representatives but denies that any such disparity was based on gender or anything other than legitimate, business reasons and denies the remaining allegations in paragraph 50 of Plaintiff's Complaint.

51.     Tyler denies the allegations in paragraph 51 of Plaintiff's Complaint.

52.     Tyler denies the allegations in paragraph 52 of Plaintiff's Complaint.

53.     Tyler denies the allegations in paragraph 53 of Plaintiff's Complaint.

54.     Tyler denies the allegations in paragraph 54 of Plaintiff's Complaint.

55.     Tyler denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Tyler denies the allegations in paragraph 56 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

57.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 57 of Plaintiff's Complaint.  Tyler likewise reasserts and realleges its denials and other responses.

58.     Tyler neither admits nor denies the allegations in paragraph 58 of Plaintiff's Complaint because they set forth legal conclusions to which no response is required.  To the extent a response is required, Tyler denies the allegations in paragraph 58 of Plaintiff's

6

Complaint.

59.     Tyler denies the allegation in paragraph 59 of Plaintiff's Complaint.

60.     Tyler denies the allegation in paragraph 60 of Plaintiff's Complaint.

61.     Tyler denies the allegation in paragraph 61 of Plaintiff's Complaint.

62.     Tyler denies the allegation in paragraph 62 of Plaintiff's Complaint.

63.     Tyler denies the allegation in paragraph 63 of Plaintiff's Complaint.

64.     Tyler denies the allegation in paragraph 64 of Plaintiff's Complaint.

65.     Tyler denies the allegation in paragraph 65 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

66.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 66 of Plaintiff's Complaint.   Tyler likewise reasserts and realleges its denials and other responses.

67.     Tyler denies the allegations in paragraph 67 of Plaintiff's Complaint.

68.     Tyler admits that other male outside sales representatives in the Versatrans division received a higher base salary than Plaintiff but denies that any such disparity was based on gender or on anything other than legitimate, business reasons.

69.     Tyler denies the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Tyler denies the allegations in paragraph 70 of Plaintiff's Complaint.

71.     Tyler denies the allegations in paragraph 71 of Plaintiff's Complaint.

72.     Tyler denies the allegations in paragraph 72 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

73.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 73 of Plaintiff's Complaint.   Tyler likewise reasserts and realleges its denials and

7

other responses.

74.     Tyler neither admits nor denies the allegations in paragraph 74 of Plaintiff's Complaint for the reason that such allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Tyler denies the allegations.

75.     Tyler denies the allegations in paragraph 75 of Plaintiff's Complaint.

76.     Tyler denies the allegations in paragraph 76 of Plaintiff's Complaint.

77.     Tyler denies the allegations in paragraph 77 of Plaintiff's Complaint.

78.     Tyler denies the allegations in paragraph 78 of Plaintiff's Complaint.

79.     Tyler denies the allegations in paragraph 79 of Plaintiff's Complaint.

80.     Tyler denies the allegations in paragraph 80 of Plaintiff's Complaint.

81.     Tyler denies the allegations in paragraph 81 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

82.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 82 of Plaintiff's Complaint.   Tyler likewise reasserts and realleges its denials and other responses.

83.     Tyler denies the allegations in paragraph 83 of Plaintiff's Complaint.

84.     Tyler admits that Chris Gabriel assumed the position occupied by Plaintiff but denies the remaining allegations in paragraph 84 of Plaintiff's Complaint.

85.     Tyler denies the allegations in paragraph 85 of Plaintiff's Complaint.

86.     Tyler denies the allegations in paragraph 86 of Plaintiff's Complaint.

87.     Tyler denies the allegations in paragraph 87 of Plaintiff's Complaint.

88.     Tyler denies the allegations in paragraph 88 of Plaintiff's Complaint.

8

## SIXTH CAUSE OF ACTION

89.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 89 of Plaintiff's Complaint.   Tyler likewise reasserts and realleges its denials and other responses.

90.     Tyler admits that other male outside sales representatives in the Versatrans division received a higher base salary than Plaintiff but denies that any such disparity was based on gender or on anything other than legitimate, business reasons.

91.     Tyler denies the allegations in paragraph 91 of Plaintiff's Complaint.

92.     Tyler denies the allegations in paragraph 92 of Plaintiff's Complaint.

93.     Tyler denies the allegations in paragraph 93 of Plaintiff's Complaint.

94.     Tyler denies the allegations in paragraph 94 of Plaintiff's Complaint.

95.     Tyler denies the allegations in paragraph 95 of Plaintiff's Complaint.

96.     Tyler denies the allegations in paragraph 96 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

97.     Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 97 of Plaintiff's Complaint.   Tyler likewise reasserts and realleges its denials and other responses.

98.     Tyler neither admits nor denies the allegations in paragraph 98 of Plaintiff's Complaint for the reason that such allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Tyler denies the allegations.

99.     Tyler denies the allegations in paragraph 99 of Plaintiff's Complaint.

100.    Tyler denies the allegations in paragraph 100 of Plaintiff's Complaint.

101.    Tyler denies the allegations in paragraph 101 of Plaintiff's Complaint.

9

102.    Tyler denies the allegations in paragraph 102 of Plaintiff's Complaint.

103.    Tyler denies the allegations in paragraph 103 of Plaintiff's Complaint.

104.    Tyler denies the allegations in paragraph 104 of Plaintiff's Complaint.

105.    Tyler denies the allegations in paragraph 105 of Plaintiff's Complaint.

**EIGHTH CAUSE OF ACTION**

106.    Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 106 of Plaintiff's Complaint.  Tyler likewise reasserts and realleges its denials and other responses.

107.    Tyler admits that other male outside sales representatives in the Versatrans division received a higher base salary than Plaintiff but denies that any such disparity was based on gender or on anything other than legitimate, business reasons.

108.    Tyler denies the allegations in paragraph 108 of Plaintiff's Complaint.

109.    Tyler denies the allegations in paragraph 109 of Plaintiff's Complaint.

110.    Tyler denies the allegations in paragraph 110 of Plaintiff's Complaint.

111.    Tyler denies the allegations in paragraph 111 of Plaintiff's Complaint.

**NINTH CAUSE OF ACTION**

112.    Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 112 of Plaintiff's Complaint.  Tyler likewise reasserts and realleges its denials and other responses.

113.    Tyler neither admits nor denies the allegations in paragraph 113 of Plaintiff's Complaint for the reason that such allegations set forth legal conclusions to which no response is required.  To the extent a response is required, Tyler denies the allegations.

114.    Tyler denies the allegations in paragraph 114 of Plaintiff's Complaint.

115. Tyler denies the allegations in paragraph 115 of Plaintiff's Complaint.

116. Tyler denies the allegations in paragraph 116 of Plaintiff's Complaint.

117. Tyler denies the allegations in paragraph 117 of Plaintiff's Complaint.

118. Tyler denies the allegations in paragraph 118 of Plaintiff's Complaint.

119. Tyler denies the allegations in paragraph 119 of Plaintiff's Complaint.

120. Tyler denies the allegations in paragraph 120 of Plaintiff's Complaint.

## TENTH CAUSE OF ACTION

121. Tyler admits that Plaintiff seeks to repeat and reallege previous allegations in paragraph 121 of Plaintiff's Complaint.  Tyler likewise reasserts and realleges its denials and other responses.

122. Tyler admits that Plaintiff was over 50 years of age during her employment with Tyler and had the minimum qualifications necessary to perform her position but denies the remaining allegations in paragraph 122 of Plaintiff's Complaint.

123. Tyler admits that Chris Gabriel assumed the position occupied by Plaintiff but denies the remaining allegations in paragraph 123 of Plaintiff's Complaint.

124. Tyler denies the allegations in paragraph 124 of Plaintiff's Complaint.

125. Tyler denies the allegations in paragraph 125 of Plaintiff's Complaint.

126. Tyler denies the allegations in paragraph 126 of Plaintiff's Complaint.

127. Tyler denies the allegations in paragraph 127 of Plaintiff's Complaint.

## JURY DEMAND

128. Tyler admits that Plaintiff requests a jury in this matter.

129. Tyler admits that Plaintiff seeks the relief identified in the concluding "wherefore" of Plaintiff's Complaint but denies that Plaintiff is entitled to any such relief under

11

the causes of action set forth therein or otherwise.

## DEFENSES

Tyler has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Tyler's knowledge, information, and belief at this time. Tyler specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Tyler alleges the following separate defenses to the Complaint:

1.      Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages. To the extent that Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages in this action, if any.

2.      To the extent Plaintiff seeks punitive damages, an award of punitive damages would be an unconstitutional denial of Tyler's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. Moreover, Plaintiff has not alleged facts sufficient to support an award of punitive damages as a matter of law.

3.      Plaintiff's claims are barred in whole or in part because Tyler's actions and omissions, and those of its managers, were privileged and/or justified.

4.      Plaintiff's claims are barred in whole or in part because she failed to exhaust her administrative remedies.

5.      Plaintiff's claims are barred in whole or in part to the extent that Plaintiff's allegations exceed the scope of any administrative charge she may have filed.

6.      Plaintiff's claims are barred in whole or in part by Tyler's good faith and/or good faith legal defense.

12

7.      Plaintiff's claims under the Equal Pay Act and equivalent New York law are barred in whole or in part because she is not similarly situated to the individuals with whom she compares herself and/or she did not work at the same establishment as such individuals.

8.      Plaintiff's claims under the Equal Pay Act and equivalent New York law are barred in whole or in part because any difference in her compensation compared to male employees was the result of a seniority system, a merit system, a system which measures earnings by quantity or quality of production, and/or a differential based on a factor other than sex.

9.      To the extent discrimination or retaliation was a motivating factor in the employment decisions affecting Plaintiff's employment which Tyler denies legitimate reasons standing alone would have induced and resulted in the same decisions relative to Plaintiff's employment.

10.     Tyler, at all relevant times herein, took all appropriate actions to prevent any discriminatory, harassing or retaliatory conduct from occurring, thereby satisfying all legal obligations Tyler owed to Plaintiff, if any at all.

11.     Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part because Tyler exercised reasonable care and prompt and appropriate remedial action was taken by Tyler on all behaviors reported or complained of by Plaintiff.

12.     Tyler presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Tyler reserves the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

13

## **PRAYER**

WHEREFORE, Tyler prays for judgment as follows:

1.     That Plaintiff takes nothing by this action;

2.     That judgment be entered in favor of Tyler and against Plaintiff;

3.     That Tyler be awarded the costs of suit herein incurred to the extent allowed by law;

4.     That Tyler be awarded its attorneys' fees according to proof to the extent allowed by law; and

5.     That the Court award Tyler such other and further relief as the Court may deem proper.


Dated:  August 5, 2015                    MORGAN, LEWIS & BOCKIUS LLP


                                          By:  /s Melissa C. Rodriguez
                                                Melissa C. Rodriguez
                                                Bar Roll No. 512687
                                          101 Park Avenue
                                          New York, New York 10178
                                          Tel: (212) 309 – 6394
                                          Fax: (212) 309 – 6001
                                          mcrodriguez@morganlewis.com

                                          ATTORNEYS FOR DEFENDANT

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 5, 2015, I caused to be served a copy of the above Answer and Defenses to Complaint by ECF, on the following counsel for Plaintiff:

Giovanna A. D'Orazio
D'Orazio Peterson LLP
125 High Rock Avenue
Saratoga Springs, New York  12866
gad@doraziopeterson.com
*Attorneys for Plaintiff*

*/s Melissa C. Rodriguez*
Melissa C. Rodriguez

DB1/ 84181338.3

15