CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**Patricia Isabella,**

      Plaintiff,

 -against-

**Tyler Technologies, Inc.,**

      Defendant.

---

No. **6:15-CV-0684 DNH/TWD**

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable THÉRÈSE WILEY DANCKS, United States Magistrate Judge on **September 3, 2015, at 9:30 AM**. All conferences are conducted by telephone. Plaintiff's attorney will initiate the call using AT&T or other teleconferencing service and call Judge Dancks' chambers at 315-234-8618, a dedicated conference line which is not to be used for other purposes. Pro-se plaintiffs will provide the court with a telephone number for use in placing the conference call.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 1st day of December, 2015.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 8th day of January, 2016.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 31st day of March, 2016. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 31st day of May, 2016. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 12th day of September, 2016. It is anticipated that the trial will take approximately 3-5 days to complete. The parties request that the trial be held in Albany, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND: (YES) / (NO).**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Yes.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff is claiming that she earned a lower base salary than her male counterparts because of her gender; that she was disciplined and eventually terminated in retaliation for making complaints about her salary and because of her gender; and that she was discriminated against on the basis of her sex and age when she was terminated and thereafter replaced by a less qualified younger male employee. Plaintiff alleges that Defendant's actions violated the Equal Pay Act, the Fair Labor Standards Act, Title VII, the ADEA, the New York Labor Law and the New York Human Rights Law.

Defendant alleges that Plaintiff's salary and subsequent termination was performance based, and that neither her gender nor age was a factor in either her base salary or her termination. While other similarly-situated employees received a very slightly higher base salary than Plaintiff, those employees had greater seniority and/or better records of performance. In addition, Plaintiff's employment was terminated for legitimate, business reasons and, specifically, her performance and interaction with Defendant's customers.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
Whether Defendant's actions against Plaintiff were taken for legitimate nondiscriminatory or retaliatory reasons or whether any such reasons were a pretext for discrimination and retaliation; whether Plaintiff received a lower base salary for reasons other than gender.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
It is too early in litigation to tell if the issues can be narrowed by agreement or motion.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
Plaintiff is seeking lost wages for back and front pay including the diminished base salary she earned during the period of her employment; lost benefits; lost commissions; compensatory damages for emotional distress; punitive and liquidated damages as available by statute; and attorneys' fees, costs and expenses.

**12) DISCOVERY PLAN:**

    A.    <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B.    <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects:

**Wage information for male counterparts; circumstances surrounding Plaintiff's termination and replacement; Plaintiff's performance and employment history with Defendant; complaints by Plaintiff and Defendant's response thereto; Defendant's employment policies and procedures.**

    C.    <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
        **Discovery will be completed by March 31, 2016.  It is not anticipated that discovery will be phased to address different issues in stages.**

    D.    <u>**Written Discovery**</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

**The parties intend to utilize interrogatories, requests for production of documents, and notices to admit.  The parties do not anticipate exceeding the number of interrogatories permitted under Rule 33.  The parties may seek discovery of non-party witnesses.**

    E.    <u>**Depositions**</u>

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

> **Plaintiff expects to conduct 1-3 party depositions. Plaintiff has not yet determined whether she will seek any nonparty depositions.**
>
> **Defendant expects to conduct 1-3 party depositions. Tyler anticipates taking the deposition of the Plaintiff and potentially one or two other depositions of witnesses identified by Plaintiff during her deposition.**

F.   **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

**The parties have not yet made a determination as to the retention of expert witnesses, but agree to abide by the Uniform Pretrial Scheduling Order with regards to the timing of expert disclosures should expert witnesses be retained**

G.   **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

> **The evidence in this case is anticipated to be offered in the form of testimony and paper documents, the parties do not anticipate any significant ESI issues or the need for protective orders at this time.**

H.   **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c),

describe the basis for the request and nature of the proposed protective order.

**To be determined.**

### I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

**To be determined.**

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

May be possible following discovery.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
    N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9---- 10
(VERY UNLIKELY)-+ -+ -+ -+ -+ -+ -+ -+ -+ -+ -+ (LIKELY)

CANNOT BE EVALUATED PRIOR TO completion of discovery (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
To be determined.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR*
*TRACK CASE - Subject to Mandatory Mediation under General Order #47.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A.    Reviewed General Order #47?    **YES** / NO

    B.    Reviewed the List of Court Approved Mediators available on the NDNY website?    **YES** / NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?  **YES** / NO

    D.    Discussed the time frame needed to complete Mandatory Mediation? **YES** / NO

*********************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on <u>August 25, 2015 via e-mail</u> and was attended by:
                        (Date)           (Place)
<u>Giovanna A. D'Orazio</u> for plaintiff(s) <u>Patricia Isabella</u>

<u>Paulo B. McKeeby, *pro hac* motion pending</u> for defendant(s) <u>Tyler Technologies, Inc.</u>

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*

Case Management Plan - November 4, 2013