

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA ISABELLA,<br><br>               Plaintiff,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>               Defendant. | 6:15-CV-0684 (DNH/TWD)<br><br>[PROPOSED] STIPULATION OF CONFIDENTIALITY AND DISCOVERY CONFIDENTIALITY ORDER |

      **WHEREAS** this matter comes before the Court, pursuant to the parties' intention to adequately protect documents, materials and/or information subject to discovery which they assert will include, confidential and proprietary business information and confidential personal information (hereinafter referred to collectively as "Confidential Material");

      **NOW, THEREFORE,** upon good cause shown and upon the consent of the parties, it is hereby **ORDERED THAT:**

      1.    If a party believes in good faith that any written, recorded, or graphic material, tangible items or any other form of information that it produces in this action pursuant to pretrial discovery, court order, or agreement of the parties contains Confidential Material, it may designate such material as Confidential in writing, by marking the document Confidential, or by any other reasonable method. All medical records, insurance records, and social security numbers shall be considered Confidential Material.

      2.    For purposes of this Order, "Producing Party" or "Designating Party" means a party that produces Confidential Material or other information in connection with this litigation or that designates such information as Confidential.

3.   For purposes of this Order, "Recipient" means a party (or a party's counsel) who receives Confidential Material or other information from the Producing Party in discovery in this litigation.

4.   If any party's counsel disagrees with a designation made pursuant to this Order, that disagreement shall be conveyed to opposing counsel. In the interim, all materials designated as Confidential shall be treated as such. If no agreement can be reached as to the disputed designation, that dispute shall be submitted to the Court for resolution.

5.   Each person to whom Confidential Material, or data and information obtained, derived, or generated from Confidential Material, is disclosed pursuant to this Order, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this Order and shall be bound by its terms. No such person shall divulge any Confidential Material, or any data or information obtained, derived, or generated from Confidential Material, to any other person, except as provided herein.

6.   All Confidential Material produced hereunder shall be retained in the possession and control of counsel receiving such Confidential Material in such a manner as to preserve its confidential nature.

7.   If Confidential Material is contained in deposition, trial or other testimony, the transcript containing Confidential Material may be designated as confidential in accordance with this Order at any time during a deposition or after receipt of the final deposition transcript. A deposition shall be treated as Confidential without such designation for thirty (30) days after the parties' receipt of the final deposition transcript unless otherwise agreed. Where practical, the Designating Party will indicate the pages or sections of the transcript that are to be treated as

Confidential. The deposition or hearing testimony in dispute shall remain Confidential Material subject to the terms of this Order until the issue is resolved among the parties or by the Court.

8. The parties acknowledge that during the course of this litigation a party may file with the Court a motion, pleading or other materials which may contain documents and/or information designated by either party as Confidential pursuant to the terms of this Confidentiality Order. The following procedure shall govern the filing of such materials with the Court:

(a) In the event a party seeks to file any documents, materials or information designated "CONFIDENTIAL" with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing the document only after seeking and obtaining the written consent of the Designating Party; (b) filing a redacted document with the consent of the Designating Party; (c) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (d) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal consistent with the Court's orders and federal and local rules.

9. Confidential Material, or data and information obtained, derived, or generated from Confidential Material, shall, upon written request, be disclosed only to:

(a) The Court and Court personnel;

(b) The parties' attorneys of record in this action and persons employed in the parties' attorneys' offices;

(c) The parties and their agents;

(d) Witnesses in this action to whom disclosure is reasonably necessary and who have been advised of the existence of this Confidentiality Order;

3

(e) Independent experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

10. All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Material, shall be used by the Recipient solely for the prosecution or defenses of the claims in this litigation, including appeals, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media, or other purposes except as required by law. It shall be the duty of each party and each individual having notice of this Order to comply with this Order from the time of such notice.

11. If, while this Action is pending, any Confidential Material, information, or data obtained, derived, or generated therefrom, is sought through discovery by any party in any other judicial or administrative proceeding, the parties agree that they will, within a reasonable time, notify opposing counsel so as to permit the opposing party to seek a Protective Order from the appropriate court.

12. Within sixty (60) days after the final termination of this Action, whether by settlement, dismissal, or other disposition, each party's counsel shall assemble and return to opposing counsel, or destroy and certify to the destruction of, all Confidential Material, and any material derived or generated from any Confidential Material, except that each party's counsel may retain a copy of the production for their records.

13. Nothing contained herein shall be construed as requiring any party to produce Confidential Material that they believe not to be discoverable in this matter.

14. Unauthorized disclosure of Confidential Material, or data and information obtained, derived, or generated from Confidential Material by any party or by anyone acting

4

under the direction of a party in breach of this Order, shall entitle the affected party to injunctive relief.

    15. Any dispute under this Order shall be submitted to the Court for resolution.

SO ORDERED, this _____ day of _____, 2015.

                                                          _____
                                                          Hon. David N. Hurd

AGREED TO AND CONSENTED BY:

| D'ORAZIO PETERSON LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| /s/ Giovanna D'Orazio | /s/ Suzanne A. Farer |
| Giovanna D'Orazio | Paulo B. McKeeby |
| 125 High Rock Avenue | Suzanne A. Farer |
| Saratoga Springs, New York 12866 | 101 Park Avenue |
| | New York, New York 10178 |
| Dated: 10/21/15 | Dated: _____ |

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Discovery Confidentiality Order that was issued by the United States District Court for the Northern District of New York on _____ [date] in the case of Isabella v. Tyler Technologies, Inc., 15-CIV-00684 (DNH/TWD). I agree to comply with and to be bound by all of the terms of this Discovery Confidentiality Order and agree that the material covered by this Discovery Confidentiality Order shall be used exclusively for the purposes of this litigation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Discovery Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of enforcing the terms of this Discovery Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone numbers] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Discovery Confidentiality Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____